IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LINDA MADDING,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:12-cv-02512

ETHICON, INC., et al.,

        Defendants.

# MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 51] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

## I. Background

This action involves a Washington State plaintiff who was implanted with a mesh product manufactured by Ethicon, Tension-free Vaginal Tape ("TVT"), on March 1, 2005, at Valley Medical Center, Renton, Washington, by Dr. Hunter A. McKay. Am. Short Form Compl. [ECF No. 12] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are

approximately 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 210, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Dec. 18, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 3 case."

II. **Legal Standards**

    A. **Summary Judgment**

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties appear to agree that Washington choice-of-law principles apply to this case and that these principles compel the application of Washington law to the plaintiff's substantive claims. In a footnote, Ethicon asserts that New Jersey law applies to the issue of punitive damages; the plaintiff does not respond to this

3

assertion. Here, I need not decide what law applies to punitive damages at this time because Ethicon does not directly challenge punitive damages.

To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where a plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, I consult the choice-of-law rules of the state in which the plaintiff was implanted with the product. *See Sanchez v. Bos. Sci. Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). Here, the plaintiff filed her initial complaint directly in the Southern District of West Virginia, Compl. [ECF No. 1], and her implant surgery took place in Washington. Thus, the choice-of-law principles of Washington guide this court's choice-of-law analysis.

Washington law employs "the most significant relationship test" to determine which state's substantive law to apply in a tort action. *Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, 721 F. Supp. 2d 1007, 1016 (W.D. Wash. 2010). Under this test, the court must evaluate the contacts of each interested state and determine which state has the most significant contacts with the lawsuit. *Id*. In doing so, the court considers relevant contacts including: "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicil, residence, nationality, place of incorporation, and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. *Id*. (citing

4

Restatement (Second) of Conflict of Laws § 145 (Am. Law Inst. 1971)). Here, the plaintiff is a resident of Washington, was implanted with the product at issue in Washington, and the alleged injuries and follow-up care occurred in Washington. Accordingly, I will apply Washington's substantive law to this case.

III. Analysis

Ethicon argues it is entitled to summary judgment because the relevant statute of limitations bars certain claims. Ethicon also argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal support.

### A. Conceded Claims

The plaintiff does not oppose dismissal of the following counts as preempted by the Washington Product Liability Act ("WPLA"): Count I (Negligence), Count II (Strict Liability – Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count VIII (Constructive Fraud), Count X (Negligent Infliction of Emotional Distress), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty), Count XIII (Violation of Consumer Protection Laws), Count XIV (Gross Negligence), and Count XV (Unjust Enrichment). However, the plaintiff notes that she intends to pursue multiple theories of recovery under WPLA. Accordingly, Ethicon's Motion regarding those claims is **GRANTED in part** to the extent of the plaintiff's waiver.

### B. Count II (Strict Liability – Manufacturing Defect)

Notwhithstanding the above concessions, the plaintiff asserts that she has propounded expert testimony that precludes summary judgment on the manufacturing defect theory of recovery. Under Washington Law, "[a] product manufacturer is subject to strict liability to a claimant if the claimant's harm was proximately caused by the fact that the product was not reasonably safe in construction." Wash. Rev. Code § 7.72.030(2). Specifically, construction is not reasonably safe "if, when the product left the control of the manufacturer, the product deviated in some material way from the design specifications or performance standards of the manufacturer, or deviated in some material way from otherwise identical units of the same product line." Wash. Rev. Code § 7.72.030(2)(a). The plaintiff points to no evidence that the TVT device departed from its intended design or deviated from otherwise identical units in the product line at the time it left Ethicon's control. Accordingly, Ethicon's Motion on this count is **GRANTED**.

### C. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon, including timeliness under the relevant statute of limitations. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, the court **ORDERS** that Ethicon's Motion for Summary Judgment [ECF No. 51] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claim: Count II (Strict Liability – Manufacturing Defect) and is **GRANTED in part** to the extent of the plaintiff's waiver with regard to Count I (Negligence), Count IV (Strict Liability – Defective Product), Count VIII (Constructive Fraud), Count X (Negligent Infliction of Emotional Distress), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty), Count XIII (Violation of Consumer Protection Laws), Count XIV (Gross Negligence), and Count XV (Unjust Enrichment). Ethicon's Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 16, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE